STATE OF WEST VIRGINIA

FILED

April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHERRY GREENE,**
**Claimant Below, Petitioner**

**vs.)　No. 12-1482** (BOR Appeal No. 2047317)
　　　　　　　(Claim No. 2011040649)

**HEARTLAND EMPLOYMENT SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry Greene, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Employment Services, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 20, 2012, in which the Board reversed a June 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 25, 2011, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Greene, a physical therapy assistant, injured her right elbow in the course of her employment on June 2, 2011, while moving a wheelchair behind a patient. Her claim was held compensable for right elbow sprain/strain. A progress note by S. Brett Whitfield, M.D., showed that Ms. Greene's injury was the result of overuse. Her symptoms began in January of 2011 but worsened in June of 2011. An MRI showed a partial tear of the brachialis muscle. When Dr. Whitfield examined her in August of 2011, her brachialis muscle pain had resolved. She had instead begun experiencing pain in her bilateral forearms. Dr. Whitfield recommended

Ms. Greene see Joseph Prud'homme, M.D., because it was possible that she was suffering from a type of inherent muscle problem, such as late onset multiple sclerosis.

Ms. Greene was evaluated by Michael Kominsky, D.C., in September of 2011. During the evaluation, she reported pain, numbness, and tingling in her bilateral forearms and left hand. Dr. Kominsky diagnosed her with a sprain/strain of the distal brachialis muscle and ulnar nerve neuropathy. Paul Bachwitt, M.D., performed an independent medical evaluation one month later in which he diagnosed a right forearm sprain with possible aggravation of the elbow. He recommended no further treatment and opined that a consultation with Dr. Prud'homme was unnecessary. No objective findings were discovered to support the subjective complaints, and Ms. Greene was deemed to be at maximum medical improvement and capable of returning to work. In November of 2011, Ms. Greene presented in Raleigh General Hospital's emergency room with complaints of bilateral forearm pain. She was advised to stop taking the medication Crestor because it could be causing myalgia.

In an Office of Judges decision dated April 6, 2012, the Office of Judges authorized a referral to Dr. Prud'homme and/or another hand specialist. That Order was reversed by the Board of Review on August 17, 2012. In its decision, the Board of Review found that the claim was held compensable only for a right elbow sprain/strain. The requested referral was deemed to be unrelated to and unnecessary for the treatment of the compensable right elbow sprain/strain.

The claims administrator closed the claim for temporary total disability benefits on October 25, 2011. The Office of Judges reversed that decision in its June 7, 2012, Order. It found that in the April 6, 2012, Order, the Office of Judges concluded that Dr. Bachwitt's determination that Ms. Greene was at maximum medical improvement was premature. The Office of Judges therefore held that because the Office of Judges had previously granted Ms. Greene's request for a referral to a hand specialist, the claim could not be closed for temporary total disability benefits. Consequently, it reopened the claim for temporary total disability benefits from the date the benefits were last paid and thereafter as substantiated by proper medical evidence.

The Board of Review reversed the Order of the Office of Judges in its November 20, 2012, decision. It found that a previous Board of Review decision denied a request for referral to a hand specialist. It also found that Dr. Bachwitt had deemed Ms. Greene to be at maximum medical improvement for her compensable right elbow sprain/strain. Accordingly, the Board of Review reinstated the October 25, 2011, claims administrator's decision closing the claim for temporary total disability benefits. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum